CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAIL-
ROAD COMPANY, A CORPORATION PLAINTIFF AND APPEL-
LANT, *v.* PEARL L. BENNETT, TREASURER OF MINERAL
COUNTY, MONTANA, THE STATE BOARD OF EQUALIZATION OF
THE STATE OF MONTANA, AND JAMES A. LIGGETT, E. J.
BYRNE AND W. J. WINTERS, AS MEMBERS OF AND CONSTI-
TUTING THE STATE BOARD OF EQUALIZATION OF THE STATE OF
MONTANA, DEFENDANTS AND RESPONDENTS, AND

JUANITA RUSSELL, TREASURER OF MINERAL COUNTY, MON-
TANA, THE STATE BOARD OF EQUALIZATION OF THE STATE OF
MONTANA, AND J. F. REID, E. J. BYRNE AND W. J. WIN-
TERS, AS MEMBERS OF AND CONSTITUTING THE STATE BOARD
OF EQUALIZATION OF THE STATE OF MONTANA, DEFENDANTS
AND RESPONDENTS.

NORTHERN PACIFIC RAILWAY COMPANY, A CORPORA-
TION, PLAINTIFF AND APPELLANT, *v.* PEARL L. BENNETT,
TREASURER OF MINERAL COUNTY, AND STATE BOARD OF EQUALI-
ZATION OF THE STATE OF MONTANA, DEFENDANTS AND RE-
SPONDENTS, AND

JUANITA RUSSELL, TREASURER OF MINERAL COUNTY, AND
STATE BOARD OF EQUALIZATION OF THE STATE OF MONTANA,
DEFENDANTS AND RESPONDENTS.

Nos. 10876, 10877, 10884, 10885
Submitted February 16, 1965. Decided March 15, 1965.
399 P.2d 986.

192

Corette, Smith & Dean, Butte, James A. Robischon (argued), Butte, for appellant Northern Pac. Ry. Co.

Garlington, Lohn & Robinson, Missoula, Sherman V. Lohn (argued), Missoula, William Evan Jones (argued), Missoula, for appellant Chicago, M., St. Paul & Pac. R. Co.

Walter T. Murphy (argued), Superior, for respondents Pearl L. Bennett, Juanita Russell, et al.

HONORABLE THOMAS DIGNAN, District Judge, sitting in place of MR. JUSTICE CASTLES, delivered the Opinion of the Court.

These are appeals from summary judgments entered in the district court of Mineral County in favor of the defendants. The causes were consolidated for hearing on appeal.

While various errors are specified by the plaintiffs-appellants, they resolve themselves into one question, that is, whether or not Section 16-2048, R.C.M.1947, enacted in 1879, hereinafter designated the 1879 Act, was repealed by implication by section 16-1904, subd. (3), R.C.M.1947, "The County Budget Act", enacted as a part of Chapter 148, Session Laws of 1929.

Section 16-2048, R.C.M.1947, provides as follows:

"The board is authorized to transfer all surplus moneys that may be on hand in any of the several county funds, except the school fund, to such fund or funds as they may deem for the best interest of the county, or to appropriate said surplus moneys to the payment of the outstanding indebtedness of the county; but no moneys belonging to the school fund must be taken therefrom except for school purposes."

Section 16-1904, subd. (3), R.C.M.1947, provides as follows:

"The board shall then determine and fix the amount to be raised for each fund by tax levy by adding together the cash balance in the fund at the close of the fiscal year immediately preceding and the amount of the estimated revenues, if any to accrue thereto during the current fiscal year, as before ascertained and determined, and then deducting the total amount so obtained from the total amount of the appropriations and authorized expenditures from the fund as determined and fixed by said board, the amount remaining being the amount necessary to be raised for the fund by tax levy during the current fiscal year; * * *."

The Chicago, Milwaukee, St. Paul & Pacific Railroad Company, a corporation, and the Northern Pacific Railway Company, a corporation, appellants, and Mineral County, respondent, stipulated that Causes Nos. 10876 and 10877, the appeals of the Chicago, Milwaukee, St. Paul & Pacific Railroad Company, and Causes Nos. 10884 and 10885, the appeals of the Northern Pacific Railway Company, be consolidated, as the

appeals involve taxes assessed for the year 1957 and 1959, with identical amounts of taxes and identical questions of law.

The agreed statements of fact are:

"This controversy involves the levy, assessment and collection of certain taxes on each of the appellants' operating property in respondent county during the years 1957 and 1959.

"At the close of the fiscal year beginning July 1, 1956, the Board of County Commissioners of Mineral County transferred $9,374.00 from the Road Fund to the General Fund of said respondent county. This transfer was made on June 30, 1957, before any determination of whether cash in the Road Fund exceeded budget requirements. Said transfer created the necessity of a tax levy of 2.63 mills for the Road Fund for the fiscal year beginning July 1, 1957. The application of said mill levy to the valuation of plaintiffs' operating property, not including property located in cities and towns, resulted in additional taxes payable by each of the plaintiffs for the year 1957, in the amount of $2,116.81.

"At the close of the fiscal year beginning July 1, 1958, the Board of County Commissioners of respondent county transferred $13,000.00 from the Road Fund to the General Fund of said respondent. This transfer was made on June 30, 1959, pursuant to a resolution of the Board of County Commissioners of respondent county, which was made and adopted on June 24, 1959. Said transfer was made before any determination of whether cash in the Road Fund exceeded budget requirements and created the necessity of a tax levy of 3.69 mills for the Road Fund for the fiscal year beginning July 1, 1959. The application of this mill levy to the valuation of each of appellants' operating property, not including that located in cities and towns, resulted in additional taxes payable by each of the plaintiffs for the year 1959, in the amount of $2,656.17."

It was further stipulated that the taxes were demanded by respondent county, that the taxes were paid under written

protest within the time allowed by law and that the appellants each commenced suit in the district court within the time allowed by statutes.

After the case was at issue, both of the appellants moved for summary judgment on the pleadings in accordance with Rule 56 of the Montana Rules of Civil Procedure. The motion was denied by the lower court. Thereafter, respondent Mineral County moved for summary judgment on the pleadings under Rule 56 of the Montana Rules of Civil Procedure, and thereafter the district court granted the motion for summary judgment by the respondent Mineral County.

In State ex rel. Browning v. Brandjord, 106 Mont. 395, 81 P.2d 677, the court said:

"We have said of implied repeals, in Box v. Duncan, 98 Mont. 216, 38 P.2d 986, 987: 'To make tenable the claim that an earlier statute was repealed by a later one, the two acts must be plainly and irreconcilably repugnant to, or in conflict with, each other; must relate to the same subject; and must have the same object in view. State ex rel. Metcalf v. Wileman, supra [49 Mont. 436, 143 P. 565]; Jobb v. Meagher County, 20 Mont. 424, 51 P. 1034; State ex rel. Esgar v. District Court, 56 Mont. 464, 185 P. 157; Equitable Life Assur. Co. v. Hart, 55 Mont. 76, 173 P. 1062.' "

The 1879 Act, section 16-2048, supra, refers to "all surplus moneys that may be on hand in any of the several county funds." The 1929 Act, section 16-1904, subd. (3), supra, states "cash balances in the fund at the close of the fiscal year."

This court takes the view that surplus money and cash balances relate to the same subject and have the same object, that is, the disposition of the unexpended funds on hand in the counties at the end of each fiscal year.

The 1879 Act permits the respondent to do just what it did in the case before the court. In preparing the 1956 budget, the respondent levied the full amount permissible for the General Fund and the full amount permissible for the Road Fund. Ap-

parently, anticipated revenues from other sources failed to materialize, resulting in a deficit and requiring the respondent treasurer to register warrants.

On June 30, 1956, in order to pay the registered warrants, respondent transferred from the Road Fund to the General Fund the sum of $9,374.00, which amounted to a 2.63 mill increase in respondent county expenditures in the fiscal year 1955-1956. The result was that respondent had 2.63 mills in excess of the statutory limitations of 20 mills as provided in section 16-1015, R.C.M.1947, as amended, an example being:

| | |
|---|---|
| Statutory limit of general fund 1955-1956: | 20 mills |
| Transfer from road fund, June 30, 1956: | 2.63 mills |
| Total: | 22.63 mills |

which in effect, circumvented section 16-1015, and in direct conflict with section 16-1904, subd. (3) R.C.M.1947, which required the balance in the Road Fund to be used in reducing the levy for the roads in 1957. The same deficit and procedure occurred on June 30, 1958, which resulted in overspending in the General Fund of 3.69 mills for the years 1958-1959, although the levy was made in 1959.

From the above facts, we conclude that section 16-2048 is in direct conflict with section 16-1904, subd. (3), R.C.M.1947, and is repealed by implication.

The orders granting and the summary judgments in favor of the respondents by the district court are reversed and the district court is directed to grant summary judgments in favor of the appellants.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, JOHN CONWAY HARRISON ,and ADAIR, concur.